MALDONADO, APPELLANT, v. REGISTRAR OF PONCE, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Title.

No. 326.—Decided November 16, 1917.

TAX SALE—REDEMPTION—RECORD OF TITLE—CANCELLATION OF RECORD—TREAS-
URER'S CERTIFICATE.—A certificate of the redemption of a property issued
by the Treasurer of Porto Rico under the provisions of Act No. 20 of March
11, 1915, to an assignee of the rights of the original owner and under the
authority of which the registrar cancels the record in favor of The People
of Porto. Rico, is not a transfer of ownership title to the assignee.    The
cancellation leaves the property recorded in the name of its original owner
and any. one who claims title under or through him must prove his claim,
like any other purchaser, by formally presenting the necessary documents
and paying the required fee.    Third persons can be protected only when the
registrar examines, in accordance with article 18 of the Mortgage Law, the
transfers made by the real owner to the person seeking the record.

The facts are stated in the opinion.

*Mr. Tomás Castillo León* for the appellant.

The respondent appeared *pro se.* ·

MR. JUSTICE WOLF delivered the opinion of the court.

Pedro Pablo Arroyo y Segarra defaulted in the payment of taxes on a piece of land located in Peñuelas.    The land not being promptly redeemed, it became nominally the property of The People of Porto Rico and was recorded in the name of that body ·in the registry of property.    Arroyo and his wife died and their heirs, duly so declared, assigned, transferred and set over their right of redemption in the said land to Rito Maldonado y Toro, the appellant in this case.

The latter appeared before the Treasurer of Porto Rico with the public documents attesting his right to redeem and paid the said officer the amount of taxes due and thereupon the Treasurer of Porto Rico issued the corresponding certificate of redemption.    This certificate was presented to the Registrar of Ponce who canceled the record in favor of The People of Porto Rico, but refused to record the property in the name of Rito Maldonado on the ground that the certificate of the Treasurer of Porto Rico was not a transfer of title (*no es título de trasmisión· de dominio*).

The appellant maintains that having paid the taxes, having proved his character of assignee and having carried to the registry along with the Treasurer's certificate the public documents showing the assignment, he is entitled to a record in his favor without further payment or without the formal presentation for record of the said public documents. There is no question that the deeds are such public documents and that the registrar would have been bound to examine them if they had been formally presented. The registrar, however, insists that in canceling the record in favor of The People of Porto Rico he has done all that the law requires and that the appellant has no right to a record without due presentation of the deeds and payment of fees.

The question is a close one, but we think the registrar is right. The law involved is as follows:

"Section 1.—That the former owners of any real property that has been sold for the non-payment of taxes and bid in in the name of The People of Porto Rico subsequently to July 1, 1901, and prior to July 1, 1914, and which is now in the possession of The People of Porto Rico or the legal heirs of such former owners, or assigns, or any one having any interest therein are hereby given the right to redeem said property within one year from the date that this Act takes effect upon payment to The People of Porto Rico of the price for which such real property was bid in, together with interest from the date of the auction sale at which such property was bid in at the rate of four and one-half per cent per annum.

"Section 2.—When the property to be redeemed has been registered in the name of The People of Porto Rico, the Treasurer of Porto Rico shall notify the registrar of property in whose office the said property has been registered, and the registrar of property, upon the payment by the person so redeeming of a fee of one dollar, shall note upon the certificate of purchase by The People of Porto Rico the fact of such redemption and that the property so redeemed shall remain subject to all liens and legal claims against it other than the tax liens for which it was sold, to the same extent and in the same manner as though said property had not been sold for taxes." Act No. 20 of March 11, 1915.

Specifically, there is nothing in this law which orders the registrar to transfer the title from the original owner to one who has bought from him or has bought all his rights and actions including his right to redeem, as in this case. The registrar is only required to note upon the "certificate of purchase by The People of Porto Rico the fact of the redemption." He is not ordered to record the same in favor of a purchaser from the original owner.

The cancellation made by the registrar leaves the record in the name of the original owner and anyone who claims under or through him should prove his claim like any other purchaser. Third persons can only be protected if the registrar examines in accordance with section 18 of the Mortgage Law the transfers made from an owner to the person so claiming. Here, under the law the registrar is bound to record the fact of redemption on receipt of the certificate from the Treasurer and the payment of one dollar. This cancellation he may very well make, as the Treasurer is the best judge whether or not The People of Porto Rico have still a claim.

The original owner or third persons who claim under him are entitled to protection. The Treasurer is under no obligation to examine with scrupulous care the validity of an alleged transfer. His taxes are paid. The title of The People of Porto Rico is easily susceptible of redemption, and the right of redemption in most cases amounts to a title to property. The transfers of this right are practically as important as direct transfers of property and the spirit of the Mortgage Law requires that they be subjected to the same scrutiny. Technically, the machinery for the examination of the public documents in this case was never set in motion, namely, by their formal presentation and payment of the necessary fees.

The note of the registrar must be

*Affirmed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey absent.